UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILSON NELSON,

Petitioner,

v. Case No.: 2:26-cv-01419-SPC-DNF

ATTORNEY GENERAL,

Respondent,

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Wilson Nelson's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 9), and Nelson's reply (Doc. 12).

Nelson is a native of the Bahamas. On February 3, 2023, the U.S. Coast Guard encountered him onboard a vessel with 17 other migrants. Nelson pleaded guilty to the unlawful employment of aliens later that year. On December 13, 2023, Immigration and Customs Enforcement ("ICE") issued a final order for expedited removal. ICE did not execute the removal order and instead released Nelson under an order of supervision on March 29, 2024. On March 27, 2026, ICE revoked the order of supervision and re-detained Nelson. Nelson challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Nelson's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Nelson has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has provided no plan or timeline for removal, and the Bahaman Consulate reported it has received no information regarding his repatriation. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Nelson will be removed in the reasonably foreseeable future. He is entitled to release from detention under

*Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Nelson to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Wilson Nelson's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Nelson within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.
2. Within 48 hours of this Order, the government shall certify it has released Nelson from custody.
3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record